MICHELE BECKWITH
Acting United States Attorney
JEFFREY A. SPIVAK
KEVIN C. KHASIGIAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERMAN ANTONIO LOPEZ-VELASQUEZ,<br>MARKO ANTONIO LOPEZ, and<br>LISA MARIE SANTOS,<br><br>Defendants. | CASE NO. 1:22-CR-00208-JLT-SKO<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner Nationstar Mortgage LLC d/b/a Mr. Cooper ("Petitioner"), by and through its counsel, to consent to the entry of a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A), and to compromise and settle its interest in the real property known as 1444 Mendocino Creek Drive, Patterson, California, Stanislaus County, APN: 021-064-046-000 (hereafter the "Real Property") and more fully described as:

> Lot 263 as delineated upon that certain Map entitled Walker Ranch II, Unit No. 5, in the City of Patterson, County of Stanislaus, State of California, filed for Record April 7, 2002, in Book 40 of Maps at Page 88, Stanislaus County Records.

1.     On February 13, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) based upon the plea agreement entered into between the United States and defendant Marko Antonio Lopez, forfeiting to the United States the Real Property.

1

2. On May 24, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) based upon the plea agreements entered into between the United States and defendants German Antonio Lopez-Velasquez and Lisa Marie Santos, forfeiting to the United States the Real Property.

3. Pursuant to 21 U.S.C. § 853(n), third parties asserting a legal interest in the above-listed forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert.

4. Beginning on April 4, 2024, and again on July 3, 2024, for at least thirty (30) consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declarations of Publication were filed on May 15, 2024, and August 7, 2024.

5. The United States sent direct written notice by certified mail to the following individuals or entities believed to have an alleged interest in the forfeited funds:

   a. Enrique Herrera: On April 3, 2024, a notice letter was sent via certified mail to Enrique Herrera at 1444 Mendocino Creek Drive, Patterson, CA 95363-8843. The envelope was returned to the U.S. Attorney's Office as "not deliverable as addressed, unable to forward."

   b. Enrique Herrera: On November 25, 2024, a notice letter was sent via certified mail to Enrique Herrera at 112 River Place, Kalispell, MT 59901-2881. The envelope was returned to the U.S. Attorney's as "not deliverable as addressed, unable to forward."

   c. Enrique Herrera: On December 19, 2024, the U.S. Attorney's Office confirmed Mr. Herrera's address at 112 River Place, Kalispell, MT 59901 with him by telephone. On January 6, 2025, a notice letter was sent via certified mail to Enrique Herrera at 112 River Place, Kalispell, MT 59901-2881. Neither the envelope nor PS Form 3811 "green card" were returned to the U.S. Attorney's Office. The USPS Tracking Results show delivery was made on January 15, 2025.

   d. Mortgage Electronic Registration Systems, Inc., as nominee for Bay Equity LLC: On April 3, 2024, a notice letter was sent via certified mail to Mortgage electronic Registration Systems, Inc. as nominee for Bay Equity LLC at P.O. Box 2026, Flint, MI 48501-2026. The PS Form 3811 (certified mail "green card" showing delivery of mail) was stamped "MERS Mailroom" and dated April 11, 2024.

2

      e.  San Joaquin County Dept. of Child Support Services: On April 3, 2024, a notice letter was sent via certified mail to San Joaquin County Dept. of Child Support Services at P.O. Box 50, Stockton, CA 95201-3050. The envelope was returned to the U.S. Attorney's Office as "unable to forward."

      f.  San Joaquin County Dept. of Child Support Services: On April 19, 2024, a notice letter was sent via certified mail to San Joaquin County Dept. of Child Support Services at 409 E. Market Street, Stockton, CA 95202. The PS Form 3811 (certified mail "green card" showing delivery of mail) was signed on April 24, 2024.

6.  On May 29, 2024, Petitioner Nationstar Mortgage LLC d/b/a Mr. Cooper, filed a timely petition claiming an interest in the Real Property on behalf of the lienholder as servicer, alleging as follows:

      a.  Petitioner's interest is based on a note (the "Note") and Deed of Trust (collectively, the "Loan"), both dated September 18, 2018, in which Enrique Herrera, as borrower, promised to pay the principal and interest to lender Bay Equity LLC. The deed of trust securing the Loan to the Property was recorded on September 21, 2018, as Instrument number 2018-0065542-00 in the Recorder's Office for the County of Stanislaus and lists Bay Equity LLC as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary under this Security Instrument as nominee for Lender and Lender's successors and assigns. Nationstar began servicing the Loan effective March 1, 2022.

      b.  At the time the petition was filed, the principal due and owing under the Note was $424,767.97. The accrued and unpaid interest due and owing was $57,451.69. Interest has continued to accrue under the Note at a rate of $58.07 per diem.

7.  Other than Petitioner, no other parties have filed petitions with respect to the Real Property, and the time in which any person or entity may file a petition has expired.

8.  Pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(n), the United States stipulates and agrees that Petitioner has a legal, right, title, and interest in the Real Property, and that such right, title, and interest renders the order of forfeiture invalid in part because the right, title, and interest was vested in Petitioner rather than defendants German Antonio Lopez-Velasquez, Marko Antonio Lopez, and Lisa Marie Santos, or was superior to any right, title, or interest of defendants German Antonio Lopez-Velasquez, Marko Antonio Lopez, and Lisa Marie Santos at the time of the

commission of the acts which gave rise to the forfeiture of the Real Property under this section.

9. The United States agrees that upon entry of a Final Order of Forfeiture forfeiting the Real Property to the United States and sale of the Real Property, the United States will not contest payment to Petitioner from the proceeds of sale, after payment of outstanding taxes and expenses incurred by the U.S. Marshals Service in connection with its custody and sale of the Real Property, of the following:

    a. All unpaid principal due to Petitioner under the Note dated September 18, 2018, in the original principal amount of $445,550.00, which is secured by a Deed of Trust dated September 18, 2018, recorded on September 21, 2018, as instrument number 2018-0065542-00 of the Official Records of Stanislaus County, California (collectively the "Loan"). As of May 29, 2024, the principal amount owed to Petitioner pursuant to the Note was $424,767.97.

    b. On March 1, 2022, Petitioner began servicing the Loan, in good faith and without any knowledge or notice of criminal conduct giving rise to the forfeiture.

    c. All unpaid interest due as of the date of the closing of the sale of the Real Property at the contractual (not default) rate under the above-referenced Note and Deed of Trust until the date of payment.

    d. All fees, costs, and advances, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.

    e. The exact amount to be paid to Petitioner shall be determined at the time of payment but shall not be less than the amounts set forth above.

10. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Subject Property alleged for forfeiture by the United States on or about February 1, 2019, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Subject Property. The payment to Petitioner shall not include any penalty payments, including any prepayment penalties.

11. All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture of the Real Property. This is a full and final

release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provision of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not known or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. All parties are to bear their own costs and attorney's fees.

Dated:  3/3/2025                                                      MICHELE BECKWITH
                                                                                     Acting United States Attorney


                                                                                      /s/ Kevin C. Khasigian
                                                                                     KEVIN C. KHASIGIAN
                                                                                     JEFFREY A. SPIVAK
                                                                                     Assistant U.S. Attorneys


Dated:  3/3/2025                                                       /s/ Katalina Baumann
                                                                                     KATALINA BAUMANN
                                                                                     Attorney for Petitioner
                                                                                     Nationstar Mortgage LLC d/b/a Mr. Cooper
                                                                                     (Original signature retained by attorney)

## **ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

Accordingly, it is hereby ORDERED and ADJUDGED:

1. A Final Order of Forfeiture shall be entered forfeiting to the United States all right, title, and interest in the real property located at 1444 Mendocino Creek Drive, Patterson, California, Stanislaus County, APN: 021-064-046-000 pursuant to 18 U.S.C. § 982(a)(2)(A), to be disposed of according to law, including all right, title, and interest of Marko Antonio Lopez, German Antonio Lopez, and Lisa Marie Santos whose rights are hereby extinguished, and subject to the interest of petitioner.

2. All right, title, and interest in the Real Property shall vest solely in the name of the United States of America.

3. The U.S. Marshals Service shall be authorized to sell the Real Property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the Real Property, Petitioner shall be paid what it is owed, as described in paragraph 9 above. The United States shall receive the remaining net proceeds, less payments for costs of selling the Real Property, cleanup, other expenses incurred, and any legitimate liens that exist on the Real Property.

4. The U.S. Marshals Service shall maintain custody of and control over the Real Property until it is disposed of according to law.

IT IS SO ORDERED.

Dated:   **March 3, 2025**

*[signature]*
UNITED STATES DISTRICT JUDGE