ERIC GRANT
United States Attorney
JEFFREY A. SPIVAK
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys 501
I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:22-CR-00208-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION AND ORDER RE SALE OF REAL PROPERTY |
| v. | |
| GERMAN ANTONIO LOPEZ-VELASQUEZ, MARKO ANTONIO LOPEZ, and LISA MARIE SANTOS, | |
| Defendant. | |

   IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner Nationstar Mortgage LLC d/b/a Mr. Cooper ("Petitioner"), by and through its counsel, to supplement the Final Order of Forfeiture entered pursuant to 18 U.S.C. § 982(a)(2)(A), and to agree to terms in disposing of the real property known as 1444 Mendocino Creek Drive, Patterson, California, Stanislaus County, APN: 021-064-046-000 (hereafter the "Real Property") and more fully described as:

   Lot 263 as delineated upon that certain Map entitled Walker Ranch II, Unit No. 5, in the

   City of Patterson, County of Stanislaus, State of California, filed for Record April 7, 2002,

   in Book 40 of Maps at Page 88, Stanislaus County Records.

1

1. On February 13, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) based upon the plea agreement entered into between the United States and defendant Marko Antonio Lopez, forfeiting to the United States the Real Property.

2. On May 24, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) based upon the plea agreements entered into between the United States and defendants German Antonio Lopez-Velasquez and Lisa Marie Santos, forfeiting to the United States the Real Property.

3. Petitioner's interest is based on a note (the "Note") and Deed of Trust (collectively, the "Loan"), both dated September 18, 2018, in which Enrique Herrera, as borrower, promised to pay the principal and interest to lender Bay Equity LLC. The deed of trust securing the Loan to the Property was recorded on September 21, 2018, as Instrument number 2018-0065542-00 in the Recorder's Office for the County of Stanislaus and lists Bay Equity LLC as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary under this Security Instrument as nominee for Lender and Lender's successors and assigns. Nationstar began servicing the Loan effective March 1, 2022.

4. United States of America has given notice of the instant proceedings to all lien holders, who have recorded their interest in the County in which the Property is located.

5. On March 3, 2023, United States of America and Petitioner filed a Stipulation for a Final Order of Forfeiture. (Docket No. 99.)

6. On March 3, 2025, the Court entered its Final Order of Forfeiture. (Docket No. 100.)

7. This Stipulation shall supplement, but not contradict, the Final Order of Forfeiture.

8. Specifically, United States of America and Petitioner additionally agree as follows:

   a. The United States of America shall sell and transfer the Real Property to Petitioner, via a quitclaim deed, for the sum of $40,147.89 plus all regular monthly expenses of no more than $2,500 per month incurred by the US Marshal's Service through the date of the transfer of the property via the quit claim deed. The foregoing sum which accounts for the repairs and management fees incurred by the US Marshal's Service. All additional expenses above the monthly expenses, shall be preapproved by Petitioner.

2

      b.   Petitioner shall pay the sum of $40,147.89 plus regular monthly expenses of no more than $2,500 per month incurred by the US Marshal's Service to the appropriate payee at the US Marshal's Service office within 45 days of the final order approving the stipulation.

      c.   Within 10 business days of receipt of $40,147.89 regular monthly expenses of no more than $2,500 per month incurred by the US Marshal's Service through the date of the transfer of the property via the quit claim deed, the United States of America shall execute and deliver a quitclaim deed for the Real Property to Petitioner. Thereafter, Petitioner will solely own the Real Property and may control, sell, lease, repair, or otherwise dispose of the Real Property as it sees fit.

      d.   A Final Order of Forfeiture has been entered in this case. Petitioner was the only claimant that filed a petition to protect its interest in the Real Property. Accordingly, all other third-party liens and interests in the Real Property have been extinguished and no recorded lien holder other than Petitioner shall be deemed to have any rights to the Real Property.

9.    When Petitioner takes title to the Real Property, its lien shall not be extinguished. The merger doctrine will not apply, and its lien against the Real Property shall not merge with and into the greater estate held by Petitioner. At it is option, Petitioner may foreclose without recourse to any other issue or claim. Each person signing this Stipulation warrants and represents that he or she possess full authority to bind the party on whose behalf he or she is signing to the terms of the Stipulation.

10.    Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

11.    This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

12.    Each party represents that he or she understands the content of this Stipulation and enters into it voluntarily and has not been influenced by any person acting on behalf of any other party.

13. Pending the sale and transfer of the Real Property as contemplated by Section 7, this Court shall maintain jurisdiction to enforce the terms of this Stipulation.

14. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall be taken together and deemed to be one instrument. This Stipulation may also be executed and delivered by facsimile signature, PDF, or any electronic signature complying with the U.S. federal ESIGN Act of 2000.

IT IS SO STIPULATED

Dated: 10/3/25

ERIC GRANT
United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 10/3/25

KLINEDINST PC

JONATHAN C. CAHILL
Counsel for Petitioner

4

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a an Amended Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

Accordingly, it is hereby ORDERED and ADJUDGED:

1. The Final Order of Forfeiture entered in this Action is amended and supplemented, as provided in the foregoing Stipulation related to the real property located at 1444 Mendocino Creek Drive, Patterson, California, Stanislaus County, APN: 021-064-046-000.

2. The United States of America shall sell and transfer the Real Property to Petitioner, via a quitclaim deed, for the sum of $40,147.89 plus all regular monthly expenses of no more than $2,500 per month incurred by the US Marshal's Service through the date of the transfer of the property via the quit claim deed. The foregoing sum which accounts for the repairs and management fees incurred by the US Marshal's Service. All additional expenses above the monthly expenses, shall be preapproved by Petitioner

3. Petitioner shall pay the sum of $40,147.89 plus regular monthly expenses of no more than $2,500 per month incurred by the US Marshal's Service to the appropriate payee at the US Marshal's Service office within 45 days of the entry of this Order.

4. Within 10 business days of receipt of $40,147.89 regular monthly expenses of no more than $2,500 per month incurred by the US Marshal's Service through the date of the transfer of the property via the quit claim deed, the United States of America shall execute and deliver a quitclaim deed for the Real Property to Petitioner. Thereafter, Petitioner will solely own the Real Property and may control, sell, lease, repair, or otherwise dispose of the Real Property as it sees fit.

5. Petitioner was the only claimant that filed a petition to protect its interest in the Real Property. All other third-party liens and interests in the Real Property are extinguished and no recorded lien holder other than Petitioner shall be deemed to have any rights to the Real Property.

6. When Petitioner takes title to the Real Property, its lien shall not be extinguished. The merger doctrine will not apply, and its lien against the Real Property shall not merge with and into the greater estate held by Petitioner.

7. Pending the sale and transfer of the Real Property to Petitioner, this Court shall maintain jurisdiction to enforce the terms of the Stipulation and this Order.

**IT IS SO ORDERED.**

Dated: October 7, 2025

*Jennifer L. Thurston*
JENNIFER L. THURSTON
United States District Judge